IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAWAII NURSES' ASSOCIATION, | ) | CIVIL NO. 09-00235 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE QUEEN'S MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Before the Court, pursuant to a designation by Chief United States District Judge Susan Oki Mollway, is Plaintiff Hawaii Nurses' Association's ("HNA") Motion for Attorneys' Fees ("Motion"), filed on October 7, 2009.  HNA requests an award of $15,650.35 in attorneys' fees.  Defendant The Queen's Medical Center ("QMC") filed its memorandum in opposition on November 4, 2009, and Plaintiff filed its reply on November 18, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that HNA's Motion be DENIED.

**BACKGROUND**

At all times relevant to the instant case, HNA and QMC were parties to a Collective Bargaining Agreement effective from

December 1, 2008 to November 30, 2011 ("CBA").  On December 15,
2008, HNA initiated a grievance on behalf of Darath Ruamsap,
R.N., alleging that QMC violated the CBA by failing to pay her
the proper compensation for her weekend night shift work.  The
grievance proceeded through the usual steps and, on January 5,
2009, HNA submitted a letter stating its intent to proceed to the
fourth step of the grievance process, arbitration.  The parties
continued settlement discussions, but HNA alleges that those
discussions stalled, prompting it to submit another request to
arbitrate the grievance on April 17, 2009.  HNA alleges that QMC
again failed to respond to the request to arbitrate.

On May 26, 2009, HNA filed the instant action pursuant
to § 301 of the Labor Management Relations Act ("LMRA"), 29
U.S.C. § 185, seeking an order compelling QMC to arbitrate the
Ruamsap dispute.  HNA filed its Motion to Compel Arbitration on
August 19, 2009.  On September 11, 2009, QMC filed a joint
memorandum in opposition to the Motion to Compel Arbitration and
Counter Motion for Dismissal Without Prejudice ("Counter
Motion").  HNA filed a reply on September 18, 2009.

On September 22, 2009, the district judge held a
telephone conference with counsel.  The parties agreed that the
Ruamsap dispute would be arbitrated, and the district judge
deemed the Motion to Compel Arbitration and the Counter Motion
withdrawn.  The district judge noted that the only issue

2

remaining was attorneys' fees.  On September 23, 2009, the
district judge issued an entering order ("9/23/09 EO") stating
that the case would be dismissed.  The district judge noted that
the 9/23/09 EO had no effect on any party's right to attorneys'
fees and costs.  That same day, the Clerk of the Court entered
judgment pursuant to the 9/23/09 EO.  The instant Motion
followed.

        HNA acknowledges that "[t]here is no prevailing party
or claim in this case[,]" and that a prevailing party generally
cannot recover its attorneys' fees absent statutory or
contractual provision for the recovery of attorneys' fees.  [Mem.
in Supp. of Motion at 2-3.]  HNA, however, argues that attorneys'
fees can be awarded in LMRA cases based on a bad faith standard.
[Id. at 3 (citing Roy Allen Slurry Seal v. Laborers Int'l Union
of N. Am. Highway and Street Stripers/Road and Street Slurry
Local Union 1184, AFL-CIO, 241 F.3d 1142, 1148 (9th Cir. 2001)).]
HNA asserts that both bad faith conduct which led to the filing
of an action and bad faith conduct that occurred during the
course of an action are subject to sanction.  HNA argues that QMC
acted in bad faith because it unequivocally refused to arbitrate
the Ruamsap grievance, even though it had no basis to refuse to
arbitrate.  HNA emphasizes that QMC failed to respond to numerous
requests to submit the grievance to arbitration and that QMC was
aware that Ms. Ruamsap filed a Duty of Fair Representation charge

against HNA.  Thus, HNA argues that QMC was aware that it was
necessary to arbitrate the grievance.  HNA further alleges that,
even after HNA filed the instant action, QMC continued to avoid
attempts to move the grievance into arbitration until QMC finally
changed its position in August 2009 and agreed select an
arbitrator and schedule the arbitration.  HNA therefore argues
that QMC's actions in this matter constitute bad faith,
warranting an award of attorneys' fees.

HNA argues that the hourly rates requested by its
counsel are reasonable and within the range of rates charged in
the community.  Further, HNA asserts that the number of hours
spent on this case were reasonable and necessary.

In its memorandum in opposition, QMC argues that an
award of attorneys' fees and costs is not warranted under the
circumstances of this case because HNA is not a prevailing party
in this matter.  QMC notes that HNA filed its Motion to Compel
Arbitration knowing that QMC was willing to arbitrate the Ruamsap
grievance.  QMC argues that there is a fifteen-year-long practice
between the parties of holding arbitrations in abeyance during
settlement discussions.  Further, while HNA reserved its right to
seek arbitration, it never took steps to move the grievance
forward into arbitration.  QMC asserts that, if HNA desired to
seek attorneys' fees as the prevailing party, it should not have
agreed to withdraw the Motion to Compel Arbitration.  Finally,

QMC argues that, if the Court finds that QMC's failure to select
an arbitrator and an arbitration date constitute bad faith, HNA
cannot recover attorneys' fees incurred after August 6, 2009 –
the date the parties reached an agreement to arbitrate.

In its reply, HNA argues that prevailing party status
is not necessary to recover attorneys' fees based on bad faith.
HNA further denies the existence of any past practice to hold
arbitrations in abeyance during settlement discussions; such a
practice would be contrary to the CBA.  Even if such a past
practice did exist, QMC could not rely on it in the face of HNA's
demands to arbitrate.  HNA reiterates its position that it is
entitled to all of the fees requested in the Motion, but it notes
that QMC does not contest HNA's entitlement of fees incurred up
to August 6, 2009.  Finally, HNA points out that QMC did not
contest counsel's requested hourly rates or the descriptions of
the work that counsel performed.

## DISCUSSION

Under the "American Rule", the prevailing party
generally cannot recover its attorneys' fees "unless an
independent basis exists for the award."  Middle Mountain Land &
Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1225 (9th
Cir. 2002) (citation omitted).  The United States Supreme Court
has noted that the exceptions to the American Rule include: (1)
statutory basis; (2) enforceable contract; (3) willful violation

5

of court order; (4) bad faith action; and (5) litigation creating common fund for the benefit of others.  See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-59 (1975). "These exceptions are unquestionably assertions of inherent power in the courts to allow attorneys' fees in particular situations, unless forbidden by Congress[.]"  Id. at 259.

Section 301 of the LMRA does not provide for an award of attorneys' fees.  See, e.g., Zeman v. Office & Prof'l Employees Int'l Union, Local 35, 91 F. Supp. 2d 1247, 1249 (E.D. Wis. 2000) ("Section 301 . . . does not authorize the award of attorney fees[.]"); Ison v. Benham Coal, Inc., 668 F. Supp. 594, 597 (E.D. Ky. 1987) ("The Labor-Management Act does not authorize an award of attorney fees to a successful party in a section 301 action.  The absence of such authorization has been deemed to bar such an award." (citation omitted)).  HNA, however, asserts "the Ninth Circuit has instructed that requests for attorneys' fees under the Labor Management Relations Act should be examined under a bad faith standard."  [Mem. in Supp. of Motion at 3 (citing Roy Allen Slurry Seal v. Laborers Int'l Union of N. Am. Highway and Street Stripers/Road and Street Slurry Local Union 1184, AFL-CIO, 241 F.3d 1142, 1148 (9th Cir. 2001)).]  Further, HNA argues that an award of attorneys' fees under this bad faith standard does not require a finding that the party seeking fees was the prevailing party.  [Reply at 2.]  HNA's argument is misplaced.

6

In <u>Roy Allen Slurry Seal</u> ("<u>RASS</u>"), the Ninth Circuit
Court of Appeals did state that, if the issue were properly
before the district court on remand, the district court should
consider RASS's request for attorneys' fees under the LMRA "under
a bad faith standard."  <u>See</u> 241 F.3d at 1148 (citing <u>Wellman v.</u>
<u>Writers Guild of Am., West, Inc.</u>, 146 F.3d 666, 674 (9th Cir.
1998)).  <u>RASS</u>, however does not support HNA's position because
RASS was the prevailing party.  RASS filed suit seeking to vacate
an arbitration award and the district court ultimately did so
after denying the opposing party's motion to confirm the award.
<u>See</u> <u>id.</u> at 1144-45.  Further, the court in <u>RASS</u> cited <u>Wellman v.</u>
<u>Writers Guild of America, West, Inc.</u>, an LMRA case in which the
Ninth Circuit Court of Appeals stated "<u>[a] prevailing party</u> may
receive attorneys' fees if his adversary acted in bad faith,
vexatiously, wantonly, or for oppressive reasons."  <u>Wellman</u>, 146
F.3d at 674 (citation and quotation marks omitted) (emphasis
added).  The party seeking attorneys' fees in <u>Wellman</u> had been
granted summary judgment.  <u>See</u> <u>id.</u> at 670.

HNA also relies upon <u>International Union of Petroleum &</u>
<u>Industrial Workers v. Western Industrial Maintenance, Inc.</u>, 707
F.2d 425, 428 (9th Cir. 1983), for, *inter alia*, the proposition
that a defendant's refusal to grant the plaintiff his "clear
legal rights" can constitute bad faith.  [Mem. in Supp. of Motion
at 3-4.]  This case, however, also states that "a court may

assess attorneys' fees 'when the <u>losing party</u> has acted in bad
faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Int'l
Union of Petroleum & Indus. Workers</u>, 707 F.2d at 428 (quoting
<u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240,
258-259, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)) (some quotation
marks omitted) (emphasis added).  The party seeking attorneys'
fees in that case had filed a petition for confirmation of an
arbitration award and the district court confirmed the award.
<u>See</u> <u>id.</u> at 426-27.

HNA also relies heavily on <u>International Brotherhood of
Teamsters, Local Union No. 727, AFL-CIO v. Duchossois Industries,
Inc.</u> ("<u>Duchossois</u>"), No. 92 C 8143, 1993 WL 41426 (N.D. Ill. Feb.
12, 1993).  [Mem. in Supp. of Motion at 16-18.]  In <u>Duchossois</u>,
the district court granted the union's petition to compel
arbitration and awarded the union attorneys' fees under § 301 of
the LMRA because the employer forced the union to file suit to
enforce a clear contractual right to arbitrate the underlying
dispute and the employer had no legal or factual basis to deny
arbitration.  <u>See</u> 1993 WL 41426, at *2.  <u>Duchossois</u> is therefore
distinguishable from the instant case and does not support HNA's
position because, in the instant case, HNA withdrew its Motion to
Compel Arbitration and the district judge dismissed the case.
<u>See</u> <u>id.</u> ("Attorneys' fees will be awarded to <u>a prevailing party</u>
under § 301 of the LMRA only if his opponent's suit or defense

8

was frivolous, which our cases define to mean brought in bad faith-brought to harass rather than to win." (citations and quotation marks omitted) (emphasis added)).

Thus, all of the cases that HNA cites require the party seeking attorneys' fees under the LMRA bad faith standard to be the prevailing party. HNA has failed to point to any caselaw supporting its claim that prevailing party status is not required in such cases, nor has this Court found any.

HNA concedes that there is no prevailing party in this case.[1] [Mem. in Supp. of Motion at 2.] Insofar as HNA is not the prevailing party, this Court FINDS that HNA is not entitled to attorneys' fees under the bad faith standard applicable in LMRA cases.

### CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that HNA's Motion for Attorneys' Fees, filed on October 7, 2009, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

---

[1] Even if HNA had not conceded this issue, the Court would find that HNA is not a prevailing party because it did not achieve a "judicially sanctioned change in the legal relationship of the parties." See Buckhannon Bd. & Care Home, Inc. v. W. Vir. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001).

DATED AT HONOLULU, HAWAII, January 15, 2010.



       /S/ Leslie E. Kobayashi        
Leslie E. Kobayashi
United States Magistrate Judge

**HAWAII NURSES' ASSOCIATION V. THE QUEEN'S MEDICAL CENTER; CIVIL NO. 09-00235 SOM-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**